Pineda-Aguilar v. Garland

BIA
Farber, IJ
A078 957 454

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of January, two thousand twenty-five.

PRESENT:
> JON O. NEWMAN,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

RUBEN ELISEO PINEDA-AGUILAR,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

21-6408
NAC

_____

FOR PETITIONER:          Paul O'Dwyer, Law Office of Paul O'Dwyer P.C., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ruben Eliseo Pineda-Aguilar, a native and citizen of El Salvador, seeks review of a July 1, 2021 decision of the BIA, affirming a December 6, 2018 decision of an Immigration Judge ("IJ"), which denied his motion to rescind his 2003 removal order entered in absentia and reopen proceedings to apply for cancellation of removal. *In re Pineda-Aguilar*, No. A 078 957 454 (B.I.A. July 1, 2021), *aff'g* No. A 078 957 454 (Immigr. Ct. N.Y.C. Dec. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the denial of a motion to rescind or reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008) (motion to reopen); *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006) (motion to rescind).

2

**I.     Motion to Rescind**

The agency may rescind an in absentia order upon (1) receiving a motion to reopen filed within 180 days of the order of removal if the movant demonstrates that "exceptional circumstances" prevented his appearance, or (2) receiving a motion "filed at any time" if the movant demonstrates he did not receive appropriate notice.   8 U.S.C. § 1229a(b)(5)(C).   Pineda-Aguilar's 2018 motion to rescind his 2003 removal order was untimely as to the first provision, and he has affirmatively abandoned his argument that he did not receive his hearing notice.

Pineda-Aguilar's argument that his removal order should be rescinded because the IJ failed to hold a hearing before entering the order is unexhausted and unsupported.[1]   As the Government points out, Pineda-Aguilar did not raise this argument before the agency.   *See Ud Din v. Garland*, 72 F.4th 411, 419–20, n.2 (2d Cir. 2023) (recognizing that "issue exhaustion" is "mandatory" when the opposing party raises the issue); 8 U.S.C. § 1252(d)(1). Thus, as Pineda-Aguilar did not exhaust the administrative remedies available to him on this issue, we need not reach the merits of this argument.   Even if we were to reach it, Pineda-Aguilar

---

[1] Pineda-Aguilar concedes that *Campos-Chaves v. Garland*, 144 S. Ct. 1637 (2024) forecloses his argument that the agency lacked authority to order his removal because his notice to appear omitted the time and date of his hearing.

3

has not supported his argument sufficiently to overcome the presumption of regularity afforded to the agency. We generally presume that public officers have properly discharged their official duties. *See Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004); *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."). Pineda-Aguilar has not shown otherwise. The absence of a transcript in the administrative record is not clear evidence that the agency failed to hold a hearing because the agency does not produce a transcript unless a party files a direct appeal of the order of removal or requests the creation of a transcript in connection with a motion to reopen. *See* Immigration Court Practice Manual §§ 4.10(b), 5.6; BIA Practice Manual § 5.5(f)(ii).[2] Thus, Pineda-Aguilar's argument, that his removal order should be rescinded because the IJ failed to hold a hearing before entering the order, is without merit.

---

[2] Citations are to the 2020 versions of the manuals, available at https://www.justice.gov/eoir/page/file/1258536/; and https://www.justice.gov/eoir/page/file/1284741/.

## II. Motion to Reopen

Nor did the agency abuse its discretion in denying Pineda-Aguilar's motion to reopen to apply for cancellation of removal. A petitioner seeking to reopen proceedings to apply for relief from removal may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). [3] Pineda-Aguilar's 2018 motion was untimely because his removal order was entered in 2003. While there are statutory and regulatory exceptions to the deadline, newfound eligibility for cancellation of removal is not one of them. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii), (iv); 8 C.F.R. § 1003.2(c)(3). Further, while the time limit may be equitably tolled, *see Jin Bo Zhao v. INS*, 452 F.3d 154, 160 (2d Cir. 2006), Pineda-Aguilar has abandoned any equitable tolling argument here as he mentions equitable tolling in the background of his brief, but provides no argument or analysis for it, s*ee Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief," which "must contain appellant's contentions and the reasons for them, with citations to

---

[3] Citations are to regulations in effect at the time of the IJ's denial of reopening. *See Garcia v. Garland*, 64 F.4th 62, 67 n.3 (2d Cir. 2023).

the authorities and parts of the record on which the appellant relies") (internal quotation marks and citation omitted). Because the timeliness determination is dispositive, we do not reach Pineda-Aguilar's argument that the BIA erred in denying reopening on the ground that he failed to make a prima facie case for cancellation. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). In any event, as addressed further below, the BIA made that prima facie finding in concluding that sua sponte reopening was not warranted as a matter of discretion, and that determination is unreviewable here.

## III. Sua Sponte Reopening

Absent a statutory basis for rescission or reopening, Pineda-Aguilar could only have obtained reopening under the agency's regulatory authority to reopen sua sponte despite the time limitation. *See* 8 C.F.R. §§ 1003.2(a), 1000.23(b)(1). Such authority is to be invoked "sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations." *Li Yong Zheng v. U.S. Dep't of Just.*, 416 F.3d 129, 131 (2d

Cir. 2005) (quotation marks omitted). Pineda-Aguilar does not challenge the agency's denial of sua sponte reopening. *See Debique*, 58 F.4th at 684.

Even if the issue were not abandoned, we generally lack jurisdiction to review the agency's discretionary decision declining to reopen sua sponte. *See Li Chen v. Garland*, 43 F.4th 244, 252 (2d Cir. 2022). There is one exception to the jurisdictional limitation: "[W]here the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that reopening would necessarily fail." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). But there is no basis for invoking this exception. Pineda-Aguilar requested sua sponte reopening on the grounds that he was newly eligible for cancellation of removal, he had a strong claim for that relief, and he had positive equities. The agency's conclusion that these circumstances were not "exceptional" is not a determination that a cancellation claim would necessarily fail on reopening. And the BIA's assessment of the prima facie case in this context does not reflect a misperception of the law because Pineda-Aguilar included evidence of gang violence and crime in El Salvador, but no explanation of why or how those conditions would affect his specific family members, or how the loss of his emotional and financial support would exceed the hardship ordinarily

7

experienced upon the removal of a parent. *See* 8 U.S.C. § 1229b(b)(1)(D) (requiring applicant to establish "exceptional and extremely unusual hardship" to a qualifying relative); *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62–64 (B.I.A. 2001) (explaining that hardship "must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country" and that "[a] lower standard of living or adverse country conditions in the country of return . . . generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8